The order below is hereby signed.

Signed: July 25, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
BUTLER INNOVATIVE SOLUTIONS, )   Case No. 08-00065
INC.,                        )   (Chapter 7)
                             )   **Not for Publication in**
                Debtor.      )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DIRECTING THE
OFFICE OF THE UNITED STATES MARSHAL SERVICE TO
APPREHEND KEITH H. BARKLEY AND TAKE HIM INTO CUSTODY

Pursuant to the motion of the petitioning creditors in this involuntary bankruptcy case, the court issued its Order For Designated Individuals To Appear and Show Cause dated June 17, 2008.  On June 18, 2008, the clerk entered that Order and it was mailed to John A. Butler and Keith H. Barkley on June 20, 2008.

The Order directed Mr. Butler and Mr. Barkley to appear on July 8, 2008, and show cause why they ought not be held in contempt for failing to comply with the court's Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order (Docket Entry No. 27, entered May 1, 2008).  This court's Order Designating Officers as Debtor, Compelling the Debtor and

Designated Officers to File Documents, and Striking Earlier

Entered Order, provided that John A. Butler and Keith H. Barkley

"are hereby designated to be the Debtor, Butler Innovative

Systems, Inc., in this case for all purposes."  Accordingly, both

Mr. Butler and Mr. Barkley are subject to this court's power to

compel the debtor's attendance for examination.  That order

further had directed Mr. Butler and Mr. Barkley by May 16, 2008,

to "file the list of creditors, schedules of assets and

liabilities, schedule of executory contracts and unexpired

leases, and statement of financial affairs required by 11 U.S.C.

§ 521(a)(1) and Interim Bankruptcy Rule 1007(a) and (b)."  The

order was clear and unambiguous, but the required papers have

still not been filed.

The court conducted a hearing on the Order for Designated

Individuals to Appear and Show Cause on the specified date of

July 8, 2008, but John A. Butler and Keith H. Barkley failed to

appear at the hearing or to show cause why they should not be

held in civil contempt.  The court found that the record

constituted clear and convincing evidence that John A. Butler and

Keith H. Barkley were in civil contempt, finding specifically (1)

that John A. Butler, Keith H. Barkley and the Debtor have failed

to comply with this Court's Order Designating Officers as Debtor,

Compelling the Debtor and Designated Officers to File Documents,

and Striking Earlier Entered Order (Docket Entry No. 27, entered

May 1, 2008), and (2) that civil contempt is appropriate

including imposition of a coercive monetary fine and a

compensatory sanction awarding attorneys fees to the petitioning

creditors for such fees incurred with respect to the prosecution

of the motion.  In accordance with the foregoing, On July 10,

2008, this court issued an Order Holding Debtor's Principals in

Civil Contempt, and that order was entered by the clerk on July

11, 2008, and mailed to John A. Butler and Keith H. Barkley on

July 13, 2008.  That order provided as follows:

> ORDERED that commencing on Tuesday, July 15, 2008,
> John A. Butler and Keith H. Barkley, jointly and
> severally, shall be liable for a coercive fine of $100
> per day for each day after July 14, 2008, that the
> obligations imposed upon them by the Order Designating
> Officers as Debtor, Compelling the Debtor and
> Designated Officers to File Documents, and Striking
> Earlier Entered Order, entered May 1, 2008 (Docket No.
> 27), remain unfulfilled; and it is further
> ORDERED that the petitioning creditors, Suddath
> Relocation Systems of Maryland, Inc. d/b/a Suddath
> Relocation Systems, The Kane Company, and Project
> Solutions Group, Inc., shall recover of John A. Butler
> and Keith H. Barkley, jointly and severally, their
> legal fees in pursuing the contempt motion, with
> payment of this compensatory contempt sanction to be
> delivered to the law firm of Scopelitis, Garvin, Light,
> Hanson & Feary, P.C., on behalf of the petitioning
> creditors in an amount to be determined by separate
> order pursuant to a statement of attorneys' fees filed
> by that firm on 14 days notice to Mr. Butler and Mr.
> Barkley of an opportunity to object to the
> reasonableness of the fees and expenses requested; and
> it is further
> ORDERED that this matter is set over for further
> hearing on July 22, 2008, at 10:30 a.m., to determine
> whether Mr. Butler and Mr. Barkley have purged
> themselves of contempt, at which time the Court will
> consider additional relief pursuant to the movants'
> request for civil contempt sanctions, including

3

entering a judgment for coercive contempt sanctions
that have accrued, and addressing what further coercive
contempt sanctions are appropriate in the event that
compliance with the Court's Order of May 1, 2008, has
not been achieved, including considering incarcerating
Mr. Butler and Mr. Barkley as a coercive contempt
sanction until they purge themselves of contempt; and
it is

ORDERED that Mr. Butler or Mr. Barkley are each
warned that if he fails to appear on July 22, 2008, at
10:30 a.m., the court may issue a bench warrant to have
the United States Marshal haul that individual before
the court in order to proceed with addressing the
contempt motion, and that an arrest pursuant to such a
bench warrant may result in the individual's being
incarcerated until the court can conduct the civil
contempt hearing.

On July 22, 2008, pursuant to the court's Order Holding Debtor's

Principals in Civil Contempt, the court conducted a hearing to

determine whether Mr. Butler and Mr. Barkley have purged

themselves of contempt.  Neither Mr. Butler nor Mr. Barkley

appeared at the July 22, 2008 hearing, as directed, nor did they

make any showing that they have purged themselves of contempt.

The record constitutes clear and convincing evidence that Mr.

Butler and Mr. Barkley are, once again, in civil contempt.

Based upon the foregoing, the court finds (1) that Mr. Butler and

Mr. Barkley, in addition to having failed to comply with the

court's earlier Order Designating Officers as Debtor, Compelling

the Debtor and Designated Officers to File Documents, and

Striking Earlier Entered Order, have now also failed to comply

with this court's Order Holding Debtor's Principals in Civil

Contempt, and (2) that, in addition to the coercive monetary fine

previously imposed and still in place, it may be appropriate to incarcerate Mr. Butler and Mr. Barkley as an additional coercive contempt sanction until they purge themselves of contempt by complying with the order entered on May 1, 2008.  In any event, they should be brought before the court so that the court can address whether that sanction (or some other coercive sanction) is necessary.

In light of the foregoing, and in accordance with Fed. R. Bankr. P. 2005, and this court's inherent powers, it is

ORDERED that the Office of the United States Marshal Service apprehend Keith H. Barkley and bring him into custody.  If Keith H. Barkley is apprehended within the District of Columbia, or at a place less than 100 miles from the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, NW, Washington, D.C., 20001,[1] he shall be brought before this court (or, if a judge of this court is unavailable, before a United States Magistrate Judge or a United States District Court Judge of this district) without unnecessary delay:

- If conditions ensuring the appearance of Keith H. Barkley before this court can be arranged, Keith H. Barkley shall be released.

---

[1]  The 100 miles should be measured by a straight line or, as it is commonly referred to, "as the crow flies."  See Hill v. Equitable Bank, Nat. Ass'n, 115 F.R.D. 184, 186 (D. Del. 1987).

- In the event that conditions ensuring Keith H. Barkley's appearance can not be arranged, Keith H. Barkley shall remain incarcerated until such time as his appearance before this court can be arranged.

IT IS FURTHER ORDERED that if the United States Marshal finds Keith H. Barkley in a place more than 100 miles from the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, NW, Washington, D.C., 20001, Keith H. Barkley shall be taken into custody pursuant to this order and removed in accordance with the following: he shall be brought without unnecessary delay before the nearest available United States Magistrate Judge, Bankruptcy Judge, or District Judge.  If, after hearing, he or she finds that the person in custody is Keith H. Barkley, or if the person in custody waives a hearing in that regard, the Magistrate Judge, Bankruptcy Judge, or District Judge shall issue an order of removal, but Keith H. Barkley shall be released if conditions are arranged ensuring his prompt appearance before this court.

[Signed and dated above.]

Copies to: Chapter 7 trustee; Office of United States Trustee; Office of the United States Marshal;

Butler Innovative Solutions, Inc., Debtor
4705 Alcon Drive
Temple Hills, MD 20748-3717

John A. Butler
4705 Alcon Drive
Temple Hills, MD 20748-3717

Keith H. Barkley
104 Bohemian Drive
Middletown, DE 19709-9282

Kim D. Mann, Esq.
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
1850 M Street N.W., Ste. 280
Washington, D.C. 20036