The order below is hereby signed.

Signed: July 29, 2008.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
BUTLER INNOVATIVE SOLUTIONS,         )   Case No. 08-00065
INC.,                                )   (Chapter 7)
                                     )
          Debtor.                    )

MEMORANDUM DECISION AND ORDER RE ATTORNEY'S FEES SOUGHT PURSUANT
TO ORDER ADJUDGING DEBTOR'S PRINCIPALS TO BE IN CIVIL CONTEMPT

On July 10, 2008, as a result of a hearing on July 8, 2008, this court issued an Order Holding Debtor's Principals in Civil Contempt, and that order was entered by the clerk on July 11, 2008, and mailed to John A. Butler and Keith H. Barkley on July 13, 2008.  That order provided in pertinent part as follows:

> ORDERED that the petitioning creditors, Suddath Relocation Systems of Maryland, Inc. d/b/a Suddath Relocation Systems, The Kane Company, and Project Solutions Group, Inc., shall recover of John A. Butler and Keith H. Barkley, jointly and severally, their legal fees in pursuing the contempt motion, with payment of this compensatory contempt sanction to be delivered to the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C., on behalf of the petitioning creditors in an amount to be determined by separate order pursuant to a statement of attorneys' fees filed by that firm on 14 days notice to Mr. Butler and Mr. Barkley of an opportunity to object to the reasonableness of the fees and expenses requested[.]

The petitioning creditors filed and served a Statement of Attorneys' Fees on July 9, 2008, and the Statement included notice to Butler and Barkley that they had 14 days after service to file an opposition to the Statement.  Neither Butler nor Barkley filed an opposition to the Statement by the deadline of Monday July 28, 2008.

I

The time entries filed with the Statement of Attorney's Fees may include time that (1) ought not be treated as attributable to the contempt at issue (failure to comply with an order to file the documents that a debtor is required to file under Fed. R. Bankr. P. 1007) or (2) ought to be disallowed as on-the-job training regarding procedures and civil contempt that experienced counsel in this bankruptcy court would not have been required to incur.  For example:

- A 2.0 hour time entry of 05/20/2008 for $520.00 reflects time for "**Attention to local rules relative to requirements for motions**; revisions to motion requesting show cause order; **prepare memorandum of support for trustee's turnover motion**; and email to trustee regarding motion for show cause." [Emphasis added.]

- A 2.7 hour time entry of 07/07/2008 for $405.00 reflects time for "**Conduct initial analysis** for

2

> show-cause hearing **of facts and law surrounding estate's desire to obtain possession of building; analyze effect of federal bankruptcy law on D.C. landlord-tenant law**; analyze relevant statutes and cases on Debtor's **failure to comply with orders to** produce schedules and **turn over financial records**; summarize analysis for use at show-cause hearing. [Emphasis added.]

- A 1.5 hour time entry of 07/07/2008 for $487.50 reflects time for "**Review report from Trustee re: visit to property, Trustee conversation with Barkley about turn-over; review court cases on contempt powers**; prepare timeline for show-cause hearing." [Emphasis added.]

As to the first point, the turnover motion has nothing to do with the contempt at issue, and, indeed, the turnover order itself warned that failure to comply might subject the debtor's principals to civil contempt sanctions (which obviously would have to be prosecuted through a contempt motion distinct from the contempt motion for failure to comply with the order to file documents required by Fed. R. Bankr. P. 1007, the contempt pursuant to which attorney's fees are being awarded).  Similarly, issues regarding obtaining possession of building, and D.C. landlord-tenant law have nothing to do with the order compelling

3

the debtor's principals to file the documents required by Fed. R. Bankr. P. 1007.

As to the second point, the attorney's fees here, for a total of 17.8 hours, appear to be excessive.  Civil contempt is a relatively straightforward matter that experienced counsel should be able to pursue in a straightforward manner without research into court rules or case law: all that must be shown is (1) a plain and unambiguous order of the court; (2) receipt of that order by the party allegedly in contempt; (3) a failure to comply with the order.  The circumstances of this case did not suggest any defense such as impossibility of performance.  If the 6.2 hours of time entries quoted in the bulleted items above were eliminated, that would reduce the total time to 11.6 hours and the total fees to $3,663.00 which is within the range of reasonableness in light of the fact that some additional time was spent communicating with one of the principals in an attempt to secure compliance.

The court will give the petitioning creditors a 15-day opportunity to respond to the court's concerns.  If no response is filed, the court will reduce the compensation by eliminating the $1,412.50 attributable to the 6.2 hours of time set forth in the bulleted items above, and enter a judgment for the resulting reduced amount of $3,663.00.

II

The petitioning creditors' proposed order would direct that the fees of $5,075.50 be paid within seven days of entry of the order, with a failure to pay the fees potentially subject to the imposition of additional contempt sanctions.  Compensatory contempt sanctions of the character involved here are an award for damages arising from the contempt, and ought not be treated any differently than any other judgment for monetary damages. Contempt is ordinarily an inappropriate vehicle for collecting a monetary award.  See In re Nivens, 2001 WL 1018219 (Bankr. M.D. Ga. July 3, 2001).  As observed in In re Smith, 2007 WL 2429450 (Bankr. D.D.C. Aug. 23, 2007):

> "[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt ." Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir.), cert. denied sub nom. Simmons v. Combs, 479 U.S. 853 (1986).  Accord In re Estate of Bonham, 817 A.2d 192, 195-96 (D.C. 2003) (use of contempt to collect counsel fee award); Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir. 1997); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147-48 (9th Cir. 1983); Granfinanciera, S.A. v. Nordberg (In re Chase & Sanborn Corp.), 872 F.2d 397 (11th Cir.1989); In re Property of Adam, 100 P.3d 77, 88 (Haw. Ct. App. 2004); Ardex Labs., Inc. v. Cooperider, 319 F.Supp.2d 507, 509 (E.D.Pa.2004) (writ of execution, not contempt, proper course for enforcing award of attorney's fees). [Footnote omitted.]

A judgment already drafted by the court will award the reasonable amount of attorney's fees that the court later determines were incurred by reason of the contempt, but the judgment will not be enforceable by way of contempt sanctions.

III

In light of the foregoing, it is

ORDERED that within 15 days after entry of this order, the petitioning creditors shall file a memorandum showing cause, if any they have, why the fees awarded ought not be limited to $3,663.00.

[Signed and dated above.]

Copies to: Chapter 7 Trustee; Office of United States Trustee; and:

Butler Innovative Solutions, Inc., Debtor
4705 Alcon Drive
Temple Hills, MD 20748-3717

John A. Butler
4705 Alcon Drive
Temple Hills, MD 20748-3717

Keith H. Barkley
104 Bohemian Drive
Middletown, DE 19709-9282

Kim D. Mann, Esq.
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
1850 M Street N.W., Ste. 280
Washington, D.C. 20036