The document below is hereby signed. Dated: September 29, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BUTLER INNOVATIVE SOLUTIONS, INC., | ) ) | Case No. 08-00065 (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE IMPOSITION OF CIVIL CONTEMPT SANCTIONS

On July 10, 2008, the court entered an order holding the debtor's principals, Keith Barkley and John Butler, in civil contempt based upon their failure to comply with court orders, including a directive that Mr. Barkley and Mr. Butler file various documents on behalf of the debtor, Butler Innovative Solutions, Inc. (Docket Entry No. 64). That order further provided for coercive contempt sanctions as follows:

> that commencing on Tuesday, July 15, 2008, John A. Butler and Keith H. Barkley, jointly and severally, shall be liable for a coercive fine of $100 per day for each day after July 14, 2008, that the obligations imposed upon them by the Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order, entered May 1, 2008 (Docket No. 27), remain unfulfilled . . . .

Mr. Barkley and Mr. Butler failed to comply with this

court's July 10, 2008 contempt order. Accordingly, the coercive contempt sanction of $100.00 per day began to accrue against Barkley and Butler on July 15, 2008, and bench warrants were ultimately issued for their arrest.

Mr. Barkley was apprehended by the U.S. Marshal on or about September 3, 2008, in the State of Delaware, and Mr. Butler was apprehended on or about September 5, 2008, in the State of Pennsylvania. Upon learning that Mr. Barkley and Mr. Butler had been apprehended, and having learned that they were both being released subject to certain conditions, this court set a further hearing for September 23, 2008, at which time the court would determine if Mr. Barkley and Mr. Butler had purged themselves of contempt.

Following the apprehension and release of Mr. Barkley and Mr. Butler, various papers were filed that reflect what appears to be a good faith effort on the part of Barkley and Butler to purge themselves of contempt in advance of the September 23, 2008 hearing. It was not until their apprehension by the U.S. Marshal, however, that Barkley and Butler began in earnest to purge themselves of contempt. In calculating the amount of the coercive contempt sanction to be imposed on Barkley and Butler pursuant to the court's July 10, 2008 contempt order, the court thus deems it appropriate to treat September 2, 2008, as the last day on which such sanctions continued to accrue. Accordingly,

2

under the terms of the contempt order, Butler and Barkley are subject to a coercive contempt sanction of a $100.00 per day for a period of fifty days, or a total fine of $5,000.00.[1]

"Civil contempt is a remedial device intended to achieve full compliance with a court's order." Pigford v. Veneman, 307 F. Supp.2d 51, 56 (D.D.C. 2004). When fashioning a civil contempt sanction that is coercive in nature, this court "has broad discretion to design a remedy that will bring about compliance." Perfect Fit Industries, Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir.), cert. denied, 459 U.S. 832 (1982). It remains unclear why Barkley and Butler failed to make any attempt to purge themselves of contempt or to communicate with this court until after they were apprehended by the U.S. Marshal. It was revealed at the September 23, 2008 hearing, however, that many if not all of the debtor's records were taken into possession by the Department of Transportation pursuant to a warrant that was executed on January 8, 2008. Thus, although Barkley and Butler should have promptly advised the court of any legitimate reason why they were unable to comply with orders of this court, it appears that there was at least some basis for Barkley and

---

[1] The court imposed this civil coercive contempt sanction on Barkley and Butler as representatives of the debtor, and it is thus appropriate to impute the fine to the debtor as well. The United States Attorney is advised that, should there be a surplus in this case, the Treasury may look to the debtor to collect on any unpaid portion of the $2,000.00 fine imposed upon Barkley and Butler.

Butler's failure to file schedules and a statement of financial affairs on behalf of the debtor.  The fact nevertheless remains that Barkley and Butler failed to appear at hearings before this court, and the court was unable to secure any cooperation from either Barkley or Butler until bench warrants were issued and executed upon.  Taking all of these circumstances into account, and in the exercise of its discretion, the court deems it appropriate to leave the civil contempt sanction in place, but to reduce the amount of the total fine from $5,000.00 to $2,000.00.[2]

The court, within the exercise of its discretion, has substantially reduced the amount of the coercive contempt sanction imposed upon Mr. Barkley and Mr. Butler.  Should there be a future need to impose civil coercive contempt sanctions to compel compliance on the part of Barkley and Butler, however, the court will not be inclined towards leniency.

A judgment follows.

[Signed and dated above.]

---

[2] At the September 23, 2008 hearing, the court suggested that, under the terms of the contempt order, Barkley and Butler were each individually liable for separate fines accruing at the rate of $100.00 per day.  Upon closer examination of the July 10, 2008 contempt order, however, I conclude that, under the terms of the order, Barkley and Butler were to be held jointly and severally liable for one fine that accrued in the amount of $100.00 per day.  Thus, taking into account the court's reduction of the fine from $5,000.00 to $2,000.00, the total combined amount of the coercive contempt sanction to be paid to the Treasury by Barkley and Butler is $2,000.00.

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Office of the United States Attorney; Kim Mann;

John A. Butler
4705 Alcon Drive
Temple Hills, MD 20748

Keith H. Barkley
104 Bohemian Drive
Middletown, DE 19709-9282